IN The United STATes DiSTricT CourT
FosT de Northern District of WestViRginiA

FILED

AUG 2 5 2009

U.S. DISTRICT COURT
ELKINS WV 26241

Joseph L Westfall

VS

The STATe of West VirginiA

Civil Action
Na 2:09cv103

The Governor of STATe of WestVirginia

The Legislate,

The Supreme Court of the State of West Virginia

The Head of the STATe Police

The Commissioner of Motor Vehicles,

OF BARbour CounTy

TheMAgistrate

The Prosecuting AttosNey

ANd Trooper Cork of the WUST police

Joseph L Wentfall
RT 1 Box 37
Volga WV 26238
304. 629-7862
8/25/09

COMPLAINT

4LW
8/25/09

Aug 22, 2009

**The Honorable Robert E. Maxwell**

**Senior United States District Judge**

**Sir:**

**First:**

**I, Joseph L Westfall, am seeking an injunction , an over turning, or a restraining order upon Joe E. Smith Commissioner of the West Virginia Department of Motor Vehicles Final Order revoking my license.**

**Second:**

**That this court lift up to it's bench case number 08-m-547 from the Magistrate Court of Barbour County, West Virginia. This is a DUI that occurred on Oct. 6th, 2008. The which has not been resolved to date and except for informing me of appointed council and a Notice to Appear for a hearing on Mar 12th, 2009 (at which I was informed that only 30 minutes had been scheduled) there has been no notice from the court. A motion by council requested a two (2) hour trial and additional time to prepare.**

**Attached and Authority:**

**A copy of all documents in possession of Joseph L Westfall and motions I believe are valid cause for the first requested action and a dismal of the case in the second action.**

1

<u>Motion to Dismiss</u>

**West Virginia Constitution**

**PREAMBLE**

Since through Divine Providence we enjoy the blessings of civil, political and religious liberty, we, the people of West Virginia, in and through the provisions of this Constitution, reaffirm our faith in and constant reliance upon God and seek diligently to promote, preserve and perpetuate good government in the state of West Virginia for the common welfare, freedom and security of ourselves and our posterity.

**ARTICLE I**

**1-1. Relations to the government of the United States.**

The state of West Virginia is, and shall remain, one of the United States of America.  The constitution of the United States of America, and the laws and treaties made in pursuance thereof, shall be the supreme law of the land.

**AUTHORITY: United States Code**

**§ 3041. Power of courts and magistrates**

For any offense against the United States, the offender may, by any justice or judge of the United States, or by any United States magistrate judge, or by any chancellor, judge of a supreme or superior court, chief or first judge of the common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where the

2

offender may be found, and at the expense of the United States, be arrested and imprisoned or released as provided in chapter 207 of this title, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. Copies of the process shall be returned as speedily as may be into the office of the clerk of such court, together with the recognizance's of the witnesses for their appearances to testify in the case.

A United States judge or magistrate judge shall proceed under this section according to rules promulgated by the Supreme Court of the United States. Any state judge or magistrate acting hereunder may proceed according to the usual mode of procedure of his state but his acts and orders shall have no effect beyond determining, pursuant to the provisions of section 3142 of this title, whether to detain or conditionally release the prisoner prior to trial or to discharge him from arrest.

### § 3161. Time limits and exclusions

(a) In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall, after consultation with the counsel for the defendant and the attorney for the Government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, so as to assure a speedy trial.

(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual

has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

(c)

(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.


§ 3162. Sanctions

(2) If a defendant is not brought to trial within the time limit required by section 3161 (c) as extended by section 3161 (h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this

chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

 The Initial Appearance occurred on October 7th , 2008 allowing twenty-four (24) days in October, thirty (30) days in November, thirty-one (31) in both December and January ending with seventeen (17) days of February (cancellation stamp on envelope received from this court) for a total of one hundred thirty and three days (133) without a trial or resolution of this matter.

 The accused respectfully requests that dismissal be granted without delay and realizes it was not the court's intention to deny a speedy trial or hinder the Sixth Amendment or in any way impede resolution.

## Motion to Dismiss

 If reciprocal laws with sister states that benefit (generate revenue) governments are allowed, then in the pursuit of justice those that benefit the citizen (accused) must also be allowed.

 Due to the precedent of reciprocally established in the driver's license compact (WV Code Chapter 17B) that allows revocation in a home state for a dui conviction in another, the defendant requests dismissal of charge citing sister state Ohio's Speedy Trial Act (1974). This act stipulates : that a misdemeanor be brought to trial within ninety days (90). The Initial Appearance occurred on October 7th , 2008

5

allowing twenty-four (24) days in October, thirty (30) days in November, thirty-one

(31) in both December and January ending with seventeen (17) days of February

(cancellation stamp on envelope received from this court) for a total of one hundred

thirty and three days (133) without a trial or resolution of this matter.

The accused respectfully requests that dismissal be granted without delay and

realizes it was not the court's intention to deny a speedy trial or hinder the Sixth

Amendment or in any way impede resolution.

**Motion to Dismiss**

THE WEST VIRGINIA TRIAL COURT RULES

Reporter's Note:    The following Trial Court Rules apply in magistrate court as

well as in circuit court: 5, 7.04, 8, 10.04, 12, and 31.01.

4.06 Bias and Prejudice

The West Virginia Supreme Court of Appeals aspires to achieve absolute fairness

in the determination of cases and matters before all the courts of this State and

expects the highest standards of professionalism, human decency, and considerate

behavior toward others from its judicial officers, lawyers, and court personnel, as

well as from all witnesses, litigants, and other persons who come before the courts. As to matters in issue before any court, conduct and statements toward one another must be without bias with regard to such factors as gender, race, ethnicity, religion, handicap, age, and sexual orientation when such conduct or statements bear no reasonable relationship to a good faith effort to argue or present a position on the merits. Judicial officers must ensure that appropriate action is taken to preserve a neutral and fair forum for all persons. Nothing in this rule, however, is intended to infringe unnecessarily or improperly upon the otherwise legitimate rights, including the right of freedom of speech, of any person, nor to impede or interfere with the aggressive advocacy of causes and positions by lawyers and litigants.

It being reported to the defendant through appointed council, there is reason to believe that the arresting officer in communication with the prosecuting attorney spoke with bias toward the defendant with the use of the term " polluted " this term and bias resulted in the prosecuting attorney denying a pretrial divergence or a reduction of the charge. The defendant now wonders how the deck will be stacked and if impartiality can be preserved by the prosecuting attorney. It is through this doubt that dismissal is requested.

<u>Motion to Dismiss</u>

Violation of WvRoCP and RULES OF CRIMINAL PROCEDURE FOR

MAGISTRATE COURTS and WV CODE CHAPTER §15-2-12(1)  §17C-19-

3(3) and  §62-1-5.

Rule 5. Initial Appearance Before the Magistrate; Bail

(a)    In general. - An officer making an arrest under a warrant issued upon a

complaint or any person making an arrest without a warrant shall take

the arrested person without unnecessary delay before a magistrate within

the county where the arrest is made. If a person arrested without a

warrant is brought before a magistrate, a complaint shall be filed

forthwith which shall comply with the requirements of Rule 4(a) with

respect to the showing of probable cause. When a person, arrested with

or without a warrant or given a summons, appears initially before the

magistrate, the magistrate shall proceed in accordance with the

applicable subdivision of this rule.

RULES OF CRIMINAL PROCEDURE FOR MAGISTRATE COURTS

RULE 1. SCOPE

These rules govern the procedure in all criminal proceedings in the magistrate

courts of the State of West Virginia. These rules supplement, and in designated

instances supersede, the statutory procedures set forth in Chapter 50 and

Chapter 62 of the West Virginia Code.

8

[Effective July 1, 1988.]

RULE 2. PURPOSE AND CONSTRUCTION

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.

[Effective July 1, 1988.]

RULE 5. INITIAL APPEARANCE BEFORE THE MAGISTRATE; BAIL

(a) In General. An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before a magistrate within the county where the arrest is made. If a person arrested without a warrant is brought before a magistrate, a complaint shall be filed forthwith which shall comply with the requirements of Rule 4(a) with respect to the showing of probable cause. When a person, arrested with or without a warrant or given a summons, appears initially before the magistrate, the magistrate shall proceed in accordance with the applicable subdivision of this rule.

[Effective July 1, 1988; amended effective August 1, 1991; January 1, 1993; July 1, 1994; September 1, 1995; September 1, 1996.

WEST VIRGINIA CODE

CHAPTER 15. PUBLIC SAFETY.

§15-2-12. Mission of the State Police; powers of superintendent, officers and members; patrol of turnpike.

(a) The West Virginia State Police shall have the mission of statewide enforcement of criminal and traffic laws with emphasis on providing basic enforcement and citizen protection from criminal depredation throughout the state and maintaining the safety of the state's public streets, roads and highways.

(b) The superintendent and each of the officers and members of the division are hereby empowered:

(1) To make arrests anywhere within the state of any persons charged with the violation of any law of this state, or of the United States, and when a witness to the perpetration of any offense or crime, or to the violation of any law of this state, or of the United States, to make arrests without warrant; to arrest and detain any persons suspected of the commission of any felony or misdemeanor whenever a complaint is made and a warrant is issued thereon for the arrest, and the person arrested shall be immediately brought before the proper tribunal for examination and trial in the county where the offense for which the arrest has been made was committed;

§62-1-5. Same -- Delivery of prisoner before magistrate; complaint for person arrested without warrant; return.

(a) (1) An officer making an arrest under a warrant issued upon a complaint, or any person making an arrest without a warrant for an offense committed in his presence

or as otherwise authorized by law, shall take the arrested person without unnecessary delay before a magistrate of the county where the arrest is made.

(2) If a person arrested without a warrant is brought before a magistrate, a complaint shall be filed forthwith in accordance with the requirements of rules of the supreme court of appeals.

(3) An officer executing a warrant shall make return thereof to the magistrate before whom the defendant is brought.

(b)(1) Notwithstanding any other provision of this code to the contrary, if a person arrested without a warrant is brought before a magistrate prior to the filing of a complaint, a complaint shall be filed forthwith in accordance with the requirements of rules of the supreme court of appeals, and the issuance of a warrant or a summons to appear is not required.

(2) When a person appears initially before a magistrate either in response to a summons or pursuant to an arrest with or without a warrant, the magistrate shall proceed in accordance with the requirements of the applicable provisions of the rules of the supreme court of appeals.

According to the West Virginia D.U.I. Information Sheet completed by T.F.C. P.B. Cork the arrest happened at 15:59 (3:59 pm) on 10-06-2008; the defendant

had an Initial Appearance before Magistrate Kathi S. McBee at 13:40 (1:40 pm) on 10-07-2008 this is almost a twenty-two(22) hour unnecessary delay that has not been explained to the defendant in violation of WvRoCP Rule 5 and RULES OF CRIMINAL PROCEDURE FOR MAGISTRATE COURTS and WV Code §15-2-12(1) and 17C-19-3(3) and  §62-1-5.

 It is on this ground dismissal is requested. These violations might be false imprisonment and actionable for damages.


**Motion to Dismiss:**

Failure to perform duties


§17C-5-9. Right to demand test.

Any person lawfully arrested for driving a motor vehicle in this state while under the influence of alcohol, controlled substances or drugs shall have the right to demand that a sample or specimen of his blood, breath or urine be taken within two hours from and after the time of arrest, and that a chemical test thereof be made. The analysis disclosed by such chemical test shall be made available to such arrested person forthwith upon demand.

The defendant was not informed of this by the arresting officer.


§17C-2-2. Required obedience to traffic laws.

It is unlawful and, unless otherwise declared in this chapter with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter.

§17C-2-5. Authorized emergency vehicles.

(a) The driver of an authorized emergency vehicle, when responding to an emergency call or when in the pursuit of an actual or suspected violator of the law or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this section, but subject to the conditions herein stated.

(b) The driver of an authorized emergency vehicle may:

(1) Park or stand, irrespective of the provisions of this chapter;

(2) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation;

(3) Exceed the speed limits so long as he does not endanger life or property;

(4) Disregard regulations governing direction of movement of turning in specified directions.

(c) The exemptions herein granted to an authorized emergency vehicle shall apply only when the driver of any said vehicle while in motion sounds audible signal by bell, siren, or exhaust whistle as may be reasonably necessary, and when the vehicle is equipped with at least one lighted flashing lamp as authorized by section twenty-six, article fifteen of this chapter which is visible under normal atmospheric

conditions from a distance of five hundred feet to the front of such vehicle, except that an authorized emergency vehicle operated as a police vehicle need not be equipped with or display a warning light visible from in front of the vehicle.

(d) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.

17C-6-1. Speed limitations generally; penalty.

(a) No person may drive a vehicle on a highway at a speed greater than is reasonable and prudent under the existing conditions and the actual and potential hazards. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highways in compliance with legal requirements and the duty of all persons to use due care.

(b) Where no special hazard exists that requires lower speed for compliance with subsection (a) of this section, the speed of any vehicle not in excess of the limits specified in this section or established as authorized in this section is lawful, but any speed in excess of the limits specified in this subsection or established as authorized in this section is unlawful. The following speed limits apply:

17C-6-1 (3) Fifty-five miles per hour on open country highways, except as otherwise provided by this chapter.

14

The arresting officer exceeded the posted speed limit on SR 20 of 55mph. When asked to what emergency he was responding to, he stated "I do not drive faster than what I would give someone a ticket for." After this he reduced speed to the posted limit, It is the defendant's belief this would not have occurred if nothing had been said by the defendant.

§61-5-16. Refusal of officer to execute act or process of Legislature or order of governor; penalty.

Any officer of this state whose duty it is to execute or enforce any act of the Legislature, or any legal process or proceeding arising thereunder, or any lawful order or proclamation of the governor of the state, and who shall wilfully neglect or refuse to execute or enforce the same, shall, for every such offense, be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than fifty nor more than five hundred dollars, and may, in the discretion of the court, be imprisoned not exceeding one year.

§61-5-28. Failure to perform official duties; penalty.

Any person holding any office or appointment in this state, who shall wilfully fail or refuse to perform any duty required of him by law, shall be guilty of a misdemeanor, and, upon conviction thereof, shall, if no other punishment be prescribed by law therefor, be fined not exceeding one hundred dollars.

§15-2-14. Oath of superintendent and members.

**The superintendent and each of the other members of the department of public safety, before entering upon the discharge of his duties, shall take and subscribe to an oath which shall be in form and effect as follows, to wit: State of West Virginia,**

**County of ........................, to wit:**

**I, ........................, do solemnly swear that I will support the Constitution of the United States, the Constitution of the State of West Virginia, and I will honestly and faithfully perform the duties imposed upon me under the provisions of law as a member of the Department of Public Safety to the best of my skill and judgment.**

**It is upon these failures of duty that the defendant requests dismissal.**

**An appeal to:**

Commissioner Joe E. Miller

Sir:
This is an appeal of your Final Order of  File #339218-A/B.
I believe that Mr. Shupp dismissed the point I appealed on out of hand.
He cites cases and codes throughout his Discussion but gives none for the second paragraph on page four. He states "No formal declaration of arrest is required." And that the nature and legality of arrest in not germane.

WEST VIRGINIA CODE
§17C-5-4. Implied consent to test; administration at direction of law-enforcement officer; designation of type of test; definition of law-enforcement officer.
(a) Any person who drives a motor vehicle in this state is deemed to have given his or her consent by the operation of the motor vehicle to a preliminary breath analysis and a secondary chemical test of either his or her blood, breath or urine for the purposes of determining the alcoholic content of his or her blood.

(b) A preliminary breath analysis may be administered in accordance with the provisions of section five of this article whenever a law-enforcement officer has reasonable cause to believe a person has committed an offense prohibited by section two of this article or by

16

an ordinance of a municipality of this state which has the same elements as an offense described in section two of this article.

**(c) A secondary test of blood, breath or urine is incidental to a lawful arrest** and is to be administered at the direction of the arresting law-enforcement officer having reasonable grounds to believe the person has committed an offense prohibited by section two of this article or by an ordinance of a municipality of this state which has the same elements as an offense described in section two of this article.

The word incidental means in conjunction with something greater, or subordinate
This means the arrest is primary. As I said at the hearing he did not arrest me until after I refused the test and singed the paper.

§17C-5-7. Refusal to submit to tests; revocation of license or privilege; consent not withdrawn if person arrested is incapable of refusal; hearing.
(a) If any person under arrest as specified in section four of this article refuses to submit to any secondary chemical test, the tests shall not be given: Provided, That prior to the refusal, the person is given an oral warning and a written statement advising him or her that his or her refusal to submit to the secondary test finally designated will result in the revocation of his or her license to operate a motor vehicle in this state for a period of at least forty-five days and up to life; and that after fifteen minutes following the warnings the refusal is considered final. The arresting officer after that period of time expires has no further duty to provide the person with an opportunity to take the secondary test. The officer shall, within forty-eight hours of the refusal, sign and submit to the Commissioner of Motor Vehicles a written statement of the officer that: <u>(1) He or she had reasonable grounds to believe the person had been driving a motor vehicle in this state while under the influence of alcohol, controlled substances or drugs; (2) the person was lawfully placed under arrest for an offense relating to driving a motor vehicle in this state while under the influence of alcohol, controlled substances or drugs; (3) the person refused to submit to the secondary chemical test finally designated in the manner provided in section four of this article; and (4) the person was given a written statement advising him or her that his or her license to operate a motor vehicle in this state would be revoked</u> for a period of at least forty-five days and up to life if he or she refused to submit to the secondary test finally designated in the manner provided in section four of this article. The signing of the statement required to be signed by this section constitutes an oath or affirmation by the person signing the statement that the statements contained in the statement are true and that any copy filed is a true copy. The statement shall contain upon its face a warning to the officer signing that to willfully sign a statement containing false information concerning any matter or thing, material or not material, is false swearing and is a misdemeanor. Upon receiving the statement the commissioner shall make and enter an order revoking the person's license to operate a motor vehicle in this state for the period prescribed by this section.

In this matter the officer inverted the law by 3 followed by 4 followed by 2.
After signing the refusal he stood and said "I am Placing you under Arrest for DUI"

17

This shows action being done in that moment. Had he said you have been placed under arrest that shows the action had taken placed in an earlier moment.

As I believe I stated at the hearing I was not under arrest at the time of refusal. This does not then allow for application of  §17C-5-7. A Mr. Barry Taylor in your Legal department said I could file an appeal in the circuit court and get a stay. I do not wish to do until you look at this again. On the criminal side a motion is being prepared showing approximately 15 misdemeanors committed by the officer during this incident.
Two for speed limits and two that are self evident of 15-2-12 (1) and 17C-5-9. The latter two are also part of the WVRCP and Trial Court Rules and The Magistrate Court rules. In your department this would remain confidential, but in open court a big hairy can of worms. I do not wish to embarrass or anger any one.  I seek your help.

Sincerely:

_____

Joseph L. Westfall

Rt 1 Box 37,<br>Volga, WV 26238

Cell/home/work<br>304-629-7862<br>Email<br>Jwest350@netscape.com

**This letter was sent to Mr. Smith on Aug 13th, 2009. I called his office on Aug 20th,**

**2009 and was told he and his secretary would be out until Monday Aug 24th, 2009.**

**I then asked for Mr. Taylor and was informed he was out that day. I wanted to**

**know of this letter had been received or acted upon. I have no knowledge to date if**

**this is being consider.**

**I believe there are 10 violations of 61-5-16 each is a misdemeanor for a total of 20.**

**They maybe violations of 61-5-28 also for a total of 20. I believe that 3**

**misdemeanors equate to a felony(40/3=13.3 felonies) if these violations prove true.**

**There maybe in this matter prosecutorial misconduct (violation of WVRoCP**

**discovery rules, attempted intimidation of accused) and Judicial misconduct.**

18

These two parties should know the Applicable Laws and if any have been violated by the officer in the matter.

**Relief Sought:**

1) Retention of License and Dismissal of Case 08-M-547

2) If the Court has belief that misdemeanors or felonies have been committed, the plaintiff seeks a review of all DUIs, DWIs, and WWIs that have occurred in the past ten years in the State of West Virginia. That a Trust Fund be established to compensate those citizens unlawfully deprived of monies and licenses should a review show that improper actions have occurred. This Fund should be in the amount of 3 billion dollars, approximately one years budget of the State of West Virginia.

2a) That any Attorneys acting on behalf of those accused be reappointed pro bono in the event review is ordered.

3) An amount of 3 million dollars is to be adjudged to the filing plaintiff Joseph L Westfall in the event a review is ordered. I believe that gainful employment would be hard to find as a whistleblower or trouble maker in this state. The Plaintiff also fears retaliation and harassment by the State and it's Assigns when this matter is received and acted upon by your court.

4) Implied Consent laws be ruled *NUDUM PACTUM,* or an *ADHESION CONTRACT,* or that they are *COLORABLE* (that they are for the generation of revenue and not the safety of the public) or that they are an *ILLUSORY PROMISE.*

5) That the Laws of the State of West Virginia ( e.g. " for every such offense, be deemed guilty") are in violation of the separation of powers between the Legislative,

Executive, and Judicial branches. The determination or assignment of guilt or innocence is believed to rest in the Judicial branch solely.

6) That non use of forms or practices by the plaintiff be not reason for refusal to consider these matters. I am presenting this without legal council and therefore do not have the ability or means to present this as they would. The right to redress grievances does not state the requirement of forms or rules to follow. These have been established to deter, hinder, or burden the citizens and to prevent frivolous wastes of the courts time.

7) This is done under *IN FORMA PAUPERIS* the which was sustained by the Magistrate in assigning appointed council. A copy of the means information is included.

Submitted in all hope and honesty

Joseph L. Westfall

8/25/09

**Those who should be notified in this matter:**

**Of the State Of West Virginia;**

**The Governor,**

**The Legislate,**

**The Supreme Court,**

**The Head of the State Police,**

**The Commissioner of Motor Vehicles,**

**Of Barbour County;**

**The Magistrate,**

**The Prosecuting Attorney,**

**And Trooper Cork**