**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**JOSEPH L. WESTFALL,**

      **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 2:09-CV-103**
                                                **(BAILEY)**

**STATE OF WEST VIRGINIA, et. al,**

      **Defendants.**

## ORDER DISMISSING THE COMPLAINT

The above-styled case is presently before the Court upon review of the Complaint [Doc. 1] filed by plaintiff on August 25, 2009. The Court has reviewed the Complaint, declines to exercise jurisdiction, and accordingly, finds that the above-styled case must be dismissed.

## BACKGROUND

Plaintiff brought suit in the Northern District of West Virginia, requesting that this Court remove a currently pending criminal action from the Magistrate Court of Barbour County, West Virginia. ([Doc. 1] at 2). Plaintiff alleges the following: (1) unlawful confinement; (2) denial of the right to speedy trial; and (3) denial of his right to Due Process under the United States and West Virginia constitutions. ([Doc. 1] at 1). Plaintiff does not allege a basis for federal jurisdiction aside from the alleged violations of his federal constitutional rights.

1

Plaintiff requests that the Court issue "an injunction, an over turning, or a restraining order upon Joe E. Smith Commissioner of the West Virginia Department of Motor Vehicles Final Order" which revoked plaintiff's license. (Id. at 2). Plaintiff also asks that this Court remove the pending state criminal case and enjoin the state from further criminal prosecution of plaintiff. (Id.) There is no return of process on record, nor has any defendant filed an answer or otherwise pled.

## DISCUSSION

### I. Standard

This Court is required to liberally construe *pro se* documents, ***Estelle v. Gamble***, 429 U.S. 97, 97 (1976), holding them to a less stringent standard than those drafted by attorneys, ***Hughes v. Rowe***, 449 U.S. 9 (1980) (*per curiam*). This liberal standard of construction requires the court to read the *pro se* plaintiff's complaint to state a valid claim if it is possible to do so. The court is not, however, required to "conjure up questions never squarely presented" to the court. ***Beaudett v. City of Hampton***, 775 F.2d 1274, 1278 (4th Cir. 1985). In order to determine if plaintiff's claim is cognizable, this Court must examine two bars to this Court's jurisdiction: (1) the Anti-Injunction Act; and (2) ***Younger v. Harris***.

### I. Anti-Injunction Act

This Court cannot grant plaintiff the relief requested if such action is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act provides a general bar to a district court injunction of state court proceedings, but provides for three exceptions. One exception is where injunctions are "expressly authorized by an Act of Congress." 28 U.S.C. § 2283. Here, plaintiff asks that this Court enjoin the criminal state court

proceedings as they are in violation of his rights under the United States Constitution. (See

generally [Doc. 1]). Necessarily, therefore, plaintiff is proceeding under 42 U.S.C. § 1983.

At first blush, it appears as though plaintiff's claim is barred by the Anti-Injunction

Act, but as plaintiff has brought suit pursuant to § 1983 it falls under an exception to the

general bar. *See* **Mitchum v. Foster**, 407 U.S. 225 (1972). In **Mitchum**, the United States

Supreme Court held that Congress expressly authorized injunctions in 42 U.S.C. § 1983.

*Id.* As such, claims brought pursuant to § 1983 are not barred by the Anti-Injunction Act.

*Id.* Thus, the Anti-Injunction Act does not stand as a bar to this Court's jurisdiction over

plaintiff's claim. Plaintiff's claim must also, however, pass another independent bar to

jurisdiction: **Younger v. Harris,** 401 U.S. 37 (1971).

II.     **Younger v. Harris Abstention**

The abstention doctrine set out by United States Supreme Court in **Younger v.

Harris**, 401 U.S. 37 (1971), requires that this Court decline jurisdiction over the above-

styled case. Here, plaintiff requests that this Court remove the pending criminal case, and

enjoin further criminal prosecution of plaintiff. ([Doc. 1] at 2). Additionally, plaintiff asks that

this Court enjoin Joe E. Smith, the Commissioner of the West Virginia Department of Motor

Vehicles, from enforcing the order which revoked plaintiff's license, and requests "an over

turning, or a restraining order" against Mr. Smith. ([Doc. 1] at 2). As best the Court can

determine, therefore, plaintiff is requesting injunctive and/or declaratory relief against the

parties involved in plaintiff's DUI arrest, suspension of plaintiff's license, and the

subsequent criminal prosecution of plaintiff. Thus, in order to grant the requested relief this

Court would have to enjoin the state criminal proceedings, which this Court cannot do. *See*

3

*Younger*, 401 U.S. at 44; *see also **Harkrader v. Madley***, 172 U.S. 148, 169-170 (1898); ***Cinema Blue of Charlotte, Inc. v. Gilchrist***, 887 F.2d 49, 50-53 (4th Cir. 1989).

In ***Younger***, the United States Supreme Court held that absent extraordinary circumstances federal courts are not authorized to interfere with pending state criminal proceedings. *Id.* 401 U.S. at 44. The plaintiff in ***Younger*** sought a federal court injunction from state criminal prosecution for violation of the California Syndicalism Act. *Id.* The plaintiff claimed that the prosecution would be a violation of his rights under the First and Fourteenth Amendments. *Id.* The plaintiff was granted injunctive relief, and the Supreme Court reversed, finding the injunction was a "violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Id.* at 41.

Specifically, the ***Younger*** Court found that federal injunctions of pending state court proceedings were inappropriate where the party seeking the injunction had an adequate remedy in state court. *Id.* 401 U.S. at 44. The Court further found that where a party sought to enjoin proceedings as a violation of their rights under the United States Constitution, such arguments could be asserted as a defense to the state charges and–accordingly–could be adequately addressed by the state court. *Id.* (stating, "the basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."); *see also **Cinema Blue of Charlotte, Inc. v. Gilchrist***, 887 F.2d 49, 50-53 (4th Cir. 1989) ("***Younger*** held that federal courts may not enjoin a pending state criminal prosecution, absent a clear

showing that 'defense of the prosecution will not assure adequate vindication of constitutional rights'") (quoting *Younger*, 401 U.S. at 48-49).

Likewise, the Fourth Circuit Court of Appeals in *Cinema Blue*, held that federal district courts should decline to exercise jurisdiction over constitutional challenges to state criminal proceedings so long as the claims could be addressed in the state case. *Id.* at 52 (stating, "... federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'")(quoting *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 237-38 (1984)).

Here, plaintiff appears to seek removal of the state criminal charges against him, and an injunction preventing further criminal proceedings. (See generally [Doc. 1]). As plaintiff is requesting removal of the state criminal case, and injunctive and/or declaratory relief against parties involved in his DUI arrest and subsequent criminal prosecution, the above-styled case falls squarely within the prohibitions outlined in *Younger* and *Cinema Blue*. Plaintiff's claims "could be presented in ongoing state judicial proceedings," *Cinema Blue*, 887 F.2d at 52, and there has been no clear showing that plaintiff's "defense of the prosecution will not assure adequate vindication of [his] constitutional rights." *Younger*, 401 at 48-49. Accordingly, this Court must decline to exercise jurisdiction over the above-styled case.

## **CONCLUSION**

Based on the foregoing reasoning, the Court finds that plaintiff has failed to state a

claim upon which relief may be granted, and that, therefore, plaintiff's Complaint **[Doc. 1]** should be, and hereby is **DISMISSED**, and the above-styled case is **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED.**

The Clerk is hereby directed to transmit copies of this Order to counsel of record and mail a copy to the *pro se* plaintiff.

**DATED**: October 14, 2009

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE