UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
1100 EAST MAIN STREET, SUITE 501, RICHMOND, VIRGINIA 23219
March 9, 2021

File Number
No. 20-2340

Joseph L Westfall
v.
DONALD J. TRUMP,
President, **Individually and Official Capacities**, and
STEVEN T. MNUCHIN,
Secretary, U.S. Treasury, **Individually and Official Capacity**
Joseph Biden President **Official Only**
Janet Yellen Secretary, U.S. Treasury **Official Only**
Defendants

FILED

MAR 3 0 2021

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

## ATTENTION
## CHIEF JUDGE Roger L. Gregory
## RESPONSE TO FEE NOTICE
## MARCH 22, 2021
### Letter from Claire P. Tate Deputy Clerk
### dated March 17, 2021

It is self evident by public record gross incompetence or willful neglect is as rampant in the FOURTH's clerks office as it is in the WVND clerks office, MJ Aloi and Judge Keeley.

After a 22 minute phone call with Deputy Clerk Cathy Tyree Herb on Feburary 17, 2021; payment was sent on 2-18-21 personal check made out to Clerk, U.S. District Court of Appeals; per 4th circuit web site and Letter from the 4th dated **June, 16, 2011 No. 11-1633, In re: Joseph Westfall 2:09-cv-00103-JPB** (copy included) which is No.6 & 7 of 4:Relief Requested of Informal Brief December 13, 2020.

The check was endorsed by stamp for deposit then someone with blue ink crossed the endorsement and returned it to Plaintiff Appellant (check included)

"Named plaintiffs have sufficiently established through declarations that they are otherwise eligible for an EIP but have not received such a payment. See Dkt. 74-2. These facts easily meet the injury in fact requirement" pgs 11/12 of *Case 4:20-cv-05309-PJH Document 87 Filed 10/14/20 Page 12 of 39 Scholl et al v Mnuchin*
**IBID**

### PERMANENT INJUNCTION

"Defendants Steven Mnuchin, in his official capacity as the Secretary of the U.S. Department of Treasury; Charles Rettig, in his official capacity as U.S. Commissioner of Internal Revenue; the U.S. Department of the Treasury; the U.S. Internal Revenue Service; and the United States of America, are hereby enjoined from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarcerated status. Within 30 days of the court's September 24, 2020 order, defendants shall reconsider advance refund payments to those who are entitled to such payment based on information available in the IRS's records (i.e., 2018

1/5

or 2019 tax returns), but from whom benefits have thus far been withheld, intercepted, or returned on the sole basis of their incarcerated status. Within 30 days of the court's September 24, 2020 order, defendants shall reconsider any claim filed through the "non-filer" online portal or otherwise that was previously denied solely on the basis of the claimant's incarcerated status. Defendants shall take all necessary steps to effectuate these reconsiderations, including updates to the IRS website and communicating to federal and state correctional facilities. Within 45 days of the court's September 24, 2020 order, defendants shall file a declaration confirming these steps have been implemented, including data regarding the number and amount of benefits that have been disbursed."

**IT IS SO ORDERED.**
Dated: October 14, 2020
/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

THIS CASE WAS FILED 18 DAYS BEFORE P/A FILED COMPLAINT IN THE NDWV, THESE INCARCERTED PLAINTIFFS RECIEVED "**orderly, expeditious and efficient administration of justice**"
**WHEREAS P/A GETS THE RUN AROUND**

**NORTHERN DISTRICT OF WEST VIRGINIA**
LOCAL RULES

**A district judge may, in the interest of the orderly, expeditious and efficient administration of justice, allow departures from these Local Rules when warranted by particular facts and circumstances. Pg ii**

**LR PL P 17. Applications by Prisoners to Proceed** *In Forma Pauperis* **in § 2254 and 2241 Petitions.** Cash and personal checks will not be accepted **pg 117**

By it's own rules the NDWV could have waved this fee.

During a 13 minute phone call with Patricia Connor 3/23/21 payment/waiver of Fee P/A was informed fee is from **a Statue.** As P/A asserted this is a **first amendment redress of grievance** in which Congress can make no Law abridging

In a document submitted titled

**ADENDUM TO**

**RESPONSE TO**

**ORDER TO SHOW CAUSE**

and

**MOTION FOR SUMMERY JUDGEMENT**

DATED 9-15-2020

Enclosed is a copy of a letter received 9-25-2020

from the I.R.S. From Odegen, Utah dated 9-24-2020.

dated 9-27-2020

2/5

How did the I.R.S. get my current address???

A W-4 from current employer as of 2017?, W-2s from '17'18' &'19??,

or

**From Complaint and other documents Sent to Sec. Mnuchin as required under the certificate of service rules???**

If the I.R.S. estimate of nine million people not receiving $1200.00 Cares rebate that totals TEN BILLION DOLLARS appropriated currently unaccounted for.

NOW add in the 2nd $600.00 and the current $1,400.00

**the total APPROPRIATED IS $28.8 BILLION**

Which P/A believes that

> "the public interest will be served by
> granting an injunction pending appeal.(JK)"

CONFLICTS WITH Judge Keeley in

**( ) <u>MEMORANDUM OPINION AND ORDER DENYING EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL [DKT. NO. 28]</u>**


GORDON v. LEEKE

This solicitude for a civil rights plaintiff with counsel **must be heightened when a civil rights plaintiff appears** *pro se.* In the great run of *pro se* cases, the issues are faintly articulated and often only dimly perceived. **There is, therefore, a greater burden and a correlative greater responsibility upon the district court to insure that constitutional deprivations are redressed and that justice is done.**


P/A was writing this document when a letter from the Court dated March 24, 2021 an

ORDER granting motion to amend the caption. P/A FILED A RESPONSE TO letter dated February 1, 2021 entitled **"UNWARRANTED SUBSTITUTION" dated February6, 2021.**

**It is not known BY P/A if this was sua sponte by the court or ex parte.** To date P/A has received NO DOCUMENTS FROM ANY OF DEFENDANTS.

**The CAPTION should be as P/A started** with original complaint in the NDWV and Appeal in the FOURTH Circuit WITH

> "ADD Sec Yellen and President Biden as Defendants,
> 
> as it would be their duty to comply with Court Order
> 
> if PA is successful regarding payment of Cares Act rebate;"
> 
> **UNWARRANTED SUBSTITUTION"**
> 
> dated February6, 2021. PG 1 OF 2

**as shown in documents submitted by P/A**

THE GROSS INCOMPTENCE OR WILLFUL NEGLECT OF BOTH TRUMP AND MNUCHIN IN THIER OFFICIAL CAPACITIES CAN NOT BE MOOTED AND PLACED UPON OTHERS THAT CURRENTLY HOLD THE SAME OFFICES.

WILFUL NEGLECT points to golf trips,campaigning and fund raisers by Trump foregoing official duties for personal benefit.

Official calendar from U.S. Treasury SHOWS SEC. MNUCHIN HAD NO MEETINGS OR PHONE CALLS with the I.R.S. Commissioner or personal FOR THE FIRST THREE MONTHS of the implementation of the CARES ACT this goes to show his OFFICAL GROSS INCOMPTENCE OR WILLFUL NEGLECT.

P/A REQUESTS AN ANSWER: Did the District send copies to the defendants, of the documents it sent to P/A??? or were said documents done ex parte?? By 12-04-20 date of dismissal by the NDWV 20 documents were filed in this matter. 42 DOCUMENTS (plus minus) now have been filed under the original complaint and the appeal thereof; STILL IT IS UNKNOWN TO P/A IF EITHER COURT HAS SENT OR RECIEVED ANY DOCUMENTS FROM ORIGINAL DEFENDANTS OR THE ADDED CURRENT OFFICE HOLDERS.

**P/A REQUESTS THE IMPOSSIBLE**: Timely adjudication of Complaint and Appeal.

Code of Conduct for United States Judges
Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently
A judge should dispose promptly of the business of the court.
USDCNDWV LOCAL RULES
Departures from Local Rules LR Gen P 89.01.
Departures from Local Rules. A district judge may,
in the interest of orderly,
**expeditious and efficient administration of justice**,
allow departures from these Local Rules
when warranted by particular facts and circumstances.

This request is impossible as is equal protection and application of the law, due to GROSS INCOMPTENCE OR WILLFUL NEGLECT of the clerks of both courts MJ Aloi Judge Keeley. When a class action for incarcerated persons is filed and adjudicated in two months and fourteen days; yet this matter filed eighteen days after *Case 4:20-cv-05309-PJH Document 1 Filed 08/01/20 is still pending 220 days (7.33 months)*

BEWEEN P/A's ORIGINAL FILING AND END OF TERM OF OFFICE BOTH TRUMP AND MNUCHIN HAD ACCESS TO NUMEROUS GOVERNMENT AND PRIVATE ATTORNEYS that could have answered the complaint as required by Federal Civil Rules of Procedure

Certificate of Service
I, Joseph L. Westfall, appearing pro se, hereby certify a true copy sent to all parties

*Joseph L. Westfall* 3-28-21
Joseph L. Westfall March 28, 2021

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
## OFFICE OF THE CLERK

1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

Patricia S. Connor
Clerk

Telephone
804-916-2700

June 16, 2011

## FEE NOTICE IN AGENCY CASES AND ORIGINAL PROCEEDINGS

No. 11-1633,   In re: Joseph Westfall
2:09-cv-00103-JPB

## $450 FEE OR IFP-APPLICATION TO PROCEED IN FORMA PAUPERIS DUE TO COURT OF APPEALS: July 1, 2011

TO: Joseph L. Westfall

To pursue this case, petitioner must pay the applicable filing fee to the **Clerk, U.S. Court of Appeals**. The fee may be paid by **credit card through CM/ECF** or by check or money order payable to the Clerk, U.S. Court of Appeals. If petitioner is financially unable to pay the fee, petitioner may file an **IFP-Application to proceed in forma pauperis** with this court. Petitioner must either pay the fee or file an in forma pauperis application with this court within 15 days or the court will initiate the process set forth in Local Rule 45 to dismiss this case for failure to prosecute.

Cathy Tyree, Deputy Clerk
804-916-2704